**Opinion issued October 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

——————————————

## NO. 01-23-00610-CV

——————————————

**JB SMOOTH TRUCKING COMPANY AND ANDREA JACOBS, Appellants**

**V.**

**ANDREA MANNING AND ZANDREA NELLOMS, Appellees**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-19914**

---

## MEMORANDUM OPINION

In the underlying litigation, the trial court entered a no-answer default judgment in favor of Appellees Andrea Manning and Zandrea Nelloms against Appellants JB Smooth Trucking Company and Andrea Jacobs. Over three years later, Appellants filed this bill-of-review proceeding, arguing there is no evidence

on the face of the record that Appellants served them with an amended petition in the underlying litigation, which sought more damages than the original petition. The trial court denied Appellants' bill of review. We affirm.

## I. Background

### A. The underlying lawsuit

In Cause No. 2019-55570, in the 127th District Court of Harris County, Appellees sued Appellants for personal injuries and sought damages "in excess of $100,000.00 but not more than $200,000.00." It is undisputed Appellees properly served Appellants with process of their original petition.

Despite having been served, neither Appellant appeared in the underlying litigation. Appellees filed motions for default judgment on the issue of liability, which the trial court granted against JB Smooth on December 13, 2019, and Jacobs on February 5, 2020. On January 30, 2020, Appellees filed an amended petition with the same allegations as their original petition and a prayer for damages of "not more than $900,000." The parties do not dispute that Appellees' amended petition did not include a certificate of service indicating that the document was served on Appellants.

On February 14, 2020, the trial court conducted a "damages hearing" at which Appellees presented evidence of their damages. The same day, the trial court entered

2

a final default judgment in Appellees' favor, awarding them a combined total of $976,662.50 plus interest against Appellants, jointly and severally.

**B.     The present bill-of-review proceeding**

On March 28, 2023, Appellants filed an unverified petition for bill of review, arguing that the underlying default judgment was void or voidable because of a due-process violation regarding the amended petition in that case.   Specifically, Appellants alleged that Appellees sought more onerous relief in their amended petition but did not obtain personal service of this petition on Appellants nor include a certificate of service with the petition stating that it was served on them. Appellants did not allege that they did not receive service of the amended petition by mail.  Instead, the main thrust of their argument was that there was no certificate of service on the amended petition that would give rise to a presumption of service and, thus, the face of the record shows no service.

Appellees answered the petition for bill of review.   On May 26, 2023, Appellees' counsel served a "Notice of Oral Hearing" on Appellants' counsel, stating that on June 8, 2023, "a hearing will be held on Bill of Review" via video conferencing.   Other than providing a link to connect to the hearing by video conference, the notice contains no other information about the hearing.

On June 6, 2023, Appellees filed a response to the petition for bill of review, attaching evidence that they argue proves Appellees' counsel mailed the amended

petition to Appellants the day it was filed and also mailed numerous letters to Appellants informing them of the final default judgment.

On June 8, 2023, the trial court conducted the hearing regarding the bill of review ("the June 8 Hearing"). After calling the case and taking appearances from counsel, the trial court stated that it was an evidentiary hearing and asked Appellants' counsel how many witnesses he would be calling. Appellants' counsel responded that Appellants had not noticed the hearing, he was unaware the hearing would be evidentiary in nature, and he was not calling any witnesses. The trial court asked, "How else do you get a bill of review granted if there's no evidence[?]" Appellants' counsel stated that their argument was based on violations of the procedural rules.

The trial court then referred to Appellees' pending motion to show authority, but Appellees' counsel said he would withdraw that motion so that "we can have the trial right now" on the petition for bill of review. Appellees' counsel stated Appellants would be required to present a meritorious defense and a lack of negligence on their part to prevail on their bill of review petition, to which the trial judge responded, "I agree."

After some additional discussion about the nature of the hearing, Appellants' counsel told the trial court he understood the issue before it was a "procedural" one about whether his clients had been provided proper notice of the increased damages Appellees were seeking in their amended petition in the underlying litigation. The

4

trial court asked Appellees' counsel whether he had sent the notice required by Texas Rule of Civil Procedure 21a for his filings in the underlying suit. Appellees' counsel stated he had sent the required notices of every hearing and "we sent a copy of every petition but in the petition I did not put a 21a recital because the recital is that I go through the attorney directly." Appellees' counsel also stated that he sent notice of the default judgments to Appellants.

The trial court then said to Appellants' counsel relative to whether his client received notice of the amended petition, "You're not giving me any evidence that it didn't happen and [Appellees' counsel], who is an officer of the court, is saying it did happen." In reply, Appellants' counsel seemingly reiterated the lack of compliance with Rule 21a. Appellees' counsel then referred to his response to the petition for bill of review, which he stated addresses the underlying record. Appellants' counsel stated that the original petition was properly served but explained Appellants' argument in this bill-of-review proceeding is that they did not receive notice of the more onerous first amended petition. The trial court expressed its opinion that Appellants seem to have had notice and could have filed a "329b motion." *See* TEX. R. CIV. P. 329b (setting out procedures for motions for new trial and motions to modify, correct, or reform a judgment).

After some additional discussion, Appellants' counsel stated,

I don't think I have anything further to add, Your Honor. The issue that I thought was before the Court today and which I was instructed to brief

and deal with the brief here was straightforward violation rendering the judgment void or voidable and therefore open to being set aside today for a clear procedural issue over whether or not sufficient notice was provided regarding the huge increase in relief that was sought by the plaintiff in the underlying suit.

. . .

All the way from $200,000, Your Honor, which was originally noticed to unnoticed claim for relief of over 1 million.

The trial court responded that if Appellants would post a bond for $200,000, the maximum amount sought in Appellees' original petition, it would grant the bill of review, but it was unwilling to start the underlying case over completely because Appellants had notice of the original petition. Appellants' counsel responded:

Well, if that is—if that's your judgment, Your Honor, it is your discretion at the end of the day under Rule 21a as to whether or not you accept the arguments that I presented at least on the procedural issue.

The following exchange then occurred:

[The trial court]: . . . I'm going to deny the bill of review and then you can take it up.

[Appellants' counsel]: Thank you, Your Honor.

[The trial court]: I give very clear options and I'm not debating myself.

[Appellants' counsel]: Understand, Your Honor. And there we are. I don't think there's anything else to be said right now.

Later that day, the trial court signed a written order denying the petition for bill of review.

Appellants filed a post-judgment motion to reconsider/motion for summary judgment in which they argued, among other things, that (1) they did not receive

6

proper notice that the June 8, 2023 hearing would be evidentiary and thus were not prepared to present evidence, (2) they were entitled to forty-five days' notice of the hearing under Texas Rule of Civil Procedure 245 because it was essentially a trial, and (3) the face of the underlying record does not show that the first amended petition was served on Appellants.

Appellees filed a response to the motion to reconsider arguing, among other things, that Appellants had failed to present any evidence at the June 8 Hearing. Appellees asserted that Appellants did not dispute or contradict that they were served with the pleadings and judgments as established by the evidence attached to Appellees' response to the petition for bill of review, which Appellees incorporated by reference into their response to the motion to reconsider. Appellees also argued that, by participating in the June 8 Hearing without objection or requesting a continuance, Appellants waived any argument that they were not ready. The trial court denied the motion to reconsider.

**Analysis**

Appellants raise three issues on appeal. First, they argue the trial court denied their constitutional rights by providing insufficient notice that the June 8 Hearing would be an evidentiary proceeding to finally determine their bill of review. Second, they contend the trial court erred by conducting a *Baker* hearing. *See Baker v.*

7

*Goldsmith*, 582 S.W.2d 404 (Tex. 1979). And third, they contend the trial court erred in denying their petition on its merits.

## A. Notice and due process regarding the June 8 Hearing

In their first issue, Appellants argue the trial court denied them due process and deprived them of their right to a jury trial by providing insufficient notice that the June 8 Hearing would be an evidentiary proceeding to finally determine their petition for bill of review.

"A party's right to try his case before a jury is a constitutional right that can be waived." *Goode v. McGuire*, No. 01-20-00028-CV, 2021 WL 4432534, at *5 (Tex. App.—Houston [1st Dist.] Sept. 28, 2021, no pet.) (mem. op.); *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[A] perfected right to a jury trial in a civil case may be waived by a party's failure to act when the trial court proceeds with a bench trial."). "Even when a civil litigant has perfected a right to trial by jury, that litigant must object or affirmatively indicate an intention to stand on his perfected right. For example, a litigant waives the right to trial by jury if he participates in a bench trial without objection." *Alam v. Wilshire & Scott, P.C.*, No. 01-06-00604-CV, 2007 WL 2011048, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2007, no pet.) (mem. op.).

Similarly, insufficient notice of a trial setting is waived if a party participates in the trial without objecting. *See Diogu v. Ratan-Aporn*, No. 01-14-00694-CV,

2015 WL 3982531, at \*5 (Tex. App.—Houston [1st Dist.] June 30, 2015, pet. denied) (mem. op.); *see also Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must object to the untimely notice."); *Union City Body Co. v. Ramirez*, 911 S.W.2d 196, 201 (Tex. App.—San Antonio 1995, no writ) ("[A] complaint of inadequate notice under rules 21 or 21a is waived absent a timely and specific objection.").  "Even constitutional complaints, such as due process violations, are generally waived on appeal in the absence of a timely and sufficiently specific motion, objection, or request in the trial court." *In re Marriage of Mohamed*, No. 14-18-01029-CV, 2021 WL 3629245, at \*6 (Tex. App.—Houston [14th Dist.] Aug. 17, 2021, no pet.) (mem. op.). "Complaints regarding a lack of proper notice of a hearing or trial setting are generally waived when the complaining party received notice of the proceeding, appeared and participated, and failed to lodge a timely objection or request a continuance." *Id.*

As set forth above, at the June 8 Hearing, while Appellants' counsel expressed surprise that the trial court was conducting an evidentiary hearing on the petition for bill of review, he did not object to moving forward with the hearing on procedural or due-process grounds, argue that Appellants were entitled to additional notice or a jury trial, request the hearing be reset so that evidence could be presented, or ask the

trial court to rule on any such objections and requests. Instead, Appellants' counsel participated in the hearing, arguing that the lack of compliance with Rule 21a regarding the amended petition entitled Appellants to reversal of the default judgment. At the end of the hearing, counsel reiterated Appellants' position that the lack of notice of the amended petition made the underlying judgment void or voidable "and therefore open to being set aside today," thus indicating Appellants themselves were trying to prevail on their petition for bill of review at the hearing. When the trial court expressed that it was not going to allow Appellants "to start from square zero," counsel responded, "[I]f that's your judgment, Your Honor, it is your discretion at the end of the day under Rule 21a as to whether or not you accept the arguments that I presented at least on the procedural issue." The trial court then stated it was denying the petition for bill of review and Appellants could appeal, and Appellants' counsel stated he understood. Under these circumstances, we conclude Appellants waived their arguments regarding a lack of notice, due process, or a jury trial. We overrule their first issue.[1]

---

[1] We also hold Appellants did not preserve their arguments regarding lack of notice that a trial would be conducted by raising these arguments for the first time in their motion for reconsideration. *See Interest of B.D.M.*, No. 12-23-00313-CV, 2024 WL 3084425, at *2 (Tex. App.—Tyler June 21, 2024, no pet.) (mem. op.) (holding party failed to preserve argument regarding lack of notice of trial in motion for new trial because party participated in the trial without objection).

**B.    The June 8 Hearing was not a *Baker* hearing**

In their second issue, Appellants argue the trial court erred by conducting a *Baker* hearing, which is a preliminary hearing to determine whether a petitioner has presented prima facie proof of the meritorious-defense element of the bill of review. *Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989) (citing *Baker*, 582 S.W.2d 404); *Moccia v. Benn*, No. 01-23-00089-CV, 2024 WL 3608198, at *3 (Tex. App.—Houston [1st Dist.] Aug. 1, 2024, no pet.) (mem. op.) (listing bill-of-review elements). As explained below, when a bill-of-review petitioner alleges lack of service, he is relieved from proving the meritorious-defense element and instead a trial is held in which the petitioner has the burden to prove lack of service. *Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *5–6 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.).

Here, although Appellees' counsel argued at the hearing that Appellants needed to show a meritorious defense, and the trial court seemed to agree, the main thrust of the hearing was the lack-of-service issue, which Appellants argued without objection. Under these unique facts, we hold the trial court conducted a bench trial on all issues without objection, not a *Baker* hearing limited to the meritorious-defense issue. We overrule Appellants' second issue.

11

## C.    Denial of petition for bill of review

### 1.    Legal standards

We next consider Appellants' third issue, in which they contend the trial court abused its discretion by denying their petition for bill of review following the June 8 Hearing.

A bill of review is an equitable proceeding brought by a party seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *see* TEX. R. CIV. P. 329b(f). To obtain an equitable bill of review, a petitioner generally must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by the opposing party's fraud, accident, or wrongful act or by official mistake, (3) unmixed with any negligence of the petitioner's own. *Valdez*, 465 S.W.3d at 226.

If the petitioner asserts only that service was improper or that he was not served, though, he need only prove the third element—that the judgment was rendered unmixed with the petitioner's own fault or negligence. *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Burki v. Dansby*, Nos. 01-22-00044-CV, 01-22-0046-CV, 2023 WL 3235821, at *4–5 (Tex. App.—Houston [1st Dist.] May 4, 2023, pet. denied) (mem. op.); *see also Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d

809, 812 (Tex. 2012) ("[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above."). The petitioner claiming lack of service bears the burden of proving that he was not served. *See Caldwell*, 154 S.W.3d at 97; *Zoltan v. Tangley Condo. Dev., L.P.*, No. 14-22-00738-CV, 2023 WL 6978993, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2023, no pet.) (mem. op.). To be entitled to a bill of review in such circumstances, the petitioner must allege "factually and with particularity" and prove improper service or non-service. *Caldwell*, 154 S.W.3d at 97–98; *Joseph*, 624 S.W.3d at 6.

Appellants argued during the hearing that they were not served with the amended petition because it lacked a certificate of service. When a defendant was properly served with the original petition and failed to answer, the plaintiff does not need to serve the defendant with new citation when a more onerous amended petition is filed; the plaintiff can serve the amended petition via Texas Rule of Civil Procedure 21a. *See In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009).

We review a trial court's ruling on a petition for bill of review for an abuse of discretion, indulging every presumption in favor of the ruling. *Burki*, 2023 WL 3235821, at \*5. A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

## 2. Analysis

Again, Appellants had the burden to present evidence during the hearing that they were not served with the amended petition. *See Caldwell*, 154 S.W.3d at 97. They argued noncompliance with Rule 21a's proof of service requirement was a procedural defect that established lack of service. Rule 21a provides that a certificate of service (among other methods of proof of service) is prima facie evidence of the fact of service. TEX. R. CIV. P. 21a(e). But nothing in the rule states the contrary— that the absence of a certificate of service is prima facie evidence of no service. *See Sweezy v. Ingram*, No. 14-96-01469-CV, 1997 WL 667858, at *1 (Tex. App.— Houston [14th Dist.] Oct. 23, 1997, no pet.) (not designated for publication) ("[A]lthough the certificate of service constitutes *prima facie* evidence that notice of the hearing was given, appellant has neither offered, nor have we found, any authority which suggests that the absence of a certificate of service, by itself, conclusively establishes the defaulted party did not receive notice." (footnote omitted)).

Thus, even though the amended petition did not contain a certificate of service, Appellants still needed to put on evidence they were not served.[2] Such

---

[2] Appellants cite cases for the proposition that they merely needed to show error on the face of the record, which they argue they did by proving the lack of a certificate of service on the amended petition. However, these cases are inapplicable because they involved restricted appeals (and writs of error) and service of citation, not bills of review and Rule 21a service. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d

14

evidence could have been testimony from JB Smooth's representative and Jacobs explaining that they never received service of the amended petition. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006) ("[W]hen a default judgment is attacked by . . . bill of review in the trial court, the record is not so limited [and] the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened" to answer "the critical question in any default judgment: 'Why did the defendant not appear?'"). But no evidence was presented that they did not receive the amended petition, which the trial court noted in saying, "You're not giving me any evidence that it didn't happen."[3] Accordingly, because Appellants failed to meet their burden, the trial court did not

---

151, 152 (Tex. 1994) (per curiam); *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex. 1965); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 229 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

[3]  At the June 8 Hearing, Appellants did not assert that they did not actually receive the amended petition; their argument was strictly that the Rule 21a procedure was not followed. For this reason, we conclude cases which seem to place a burden on the party who purportedly served the document to present "affirmative evidence" that service occurred are distinguishable because, in those cases, the party challenging service put on evidence that service did not occur. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745–46 (Tex. 2005) (involving motion for new trial to set aside default judgment); *Cruz v. Sanchez*, 528 S.W.3d 104, 108, 111–14 (Tex. App.—El Paso 2017, pet. denied) (citing *Mathis* and involving bill of review to set aside default judgment); *see also Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 129 n.2 (Tex. App.—Fort Worth 2010, no pet.) (Walker, J., dissenting) (citing *Mathis* for the proposition that "once the party claiming lack of notice or service . . . makes a sworn allegation of lack of notice or comes forward with evidence or testimony supporting an allegation of lack of notice, then the burden shifts to the opposing party . . . to prove proper service or notice.").

15

abuse its discretion by denying the bill of review.[4] *See Zoltan*, 2023 WL 6978993, at \*2 ("[T]he trial court could have reasonably determined that [bill-of-review petitioner] did not meet his burden of proof."); *Burki*, 2023 WL 3235821, at \*6 ("Because Burki did not conclusively prove a lack of notice unmixed with his own negligence, we hold that the trial court did not err in denying Burki's petition for bill of review.").

We overrule Appellants' third issue.

### Conclusion

We affirm the trial court's final order denying the bill of review.


Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[4] We note that Appellees attached to their response to the petition for bill of review evidence they argue proves Appellees' counsel mailed the amended petition to Appellants the day it was filed and also mailed numerous letters to Appellants informing them of the final default judgment. Appellees did not offer this evidence during trial.

16